North *v.* North.

---

NORTH *vs.* NORTH.

In suits for divorce the allowance for *ad interim* alimony, and for the expenses of defending the suit, is not confined to cases in which both parties admit the original marriage to have been legal.

But where the wife files a bill, against her reputed husband, to annul the marriage on the ground of impotence, or for any other cause which goes to the legality of the marriage originally, *it seems* the allegations in her bill will be taken to be true, as against herself; *when she applies for an allowance for alimony, or for expenses.*

Where the husband files a bill against his reputed wife, admitting that he was in fact married to the defendant, but alleging such marriage to have been illegal, or void, if the facts stated in the bill, on which the supposed illegality, or invalidity, of the marriage depends, are denied by the defendant, on oath, she is entitled to *ad interim* alimony, and to an allowance for the expenses of the suit.

The allowance for *ad interim* alimony does not depend wholly upon the statute, but upon the practice of the court as it existed before the statute.

Where a husband files a bill against his wife, to annul the marriage, upon the ground that she had another husband living at the time of her marriage with him, which fact is denied by the defendant, in her answer, she is entitled to *ad interim* alimony, and to an allowance from the complainant to enable her to defend the suit.

THIS case came before the chancellor, the office of vice chancellor of the sixth circuit, where the suit was pending, being vacant; upon an application by the defendant for an allowance, to enable her to defend the suit, and for the support of herself and child during the litigation. The bill was filed by the husband to annul his marriage, with the defendant, upon the alleged

ground that she had another husband living at the time of such marriage.

*W. G. Angel,* for complainant.   Alimony and expenses in this cause ought not to be allowed.   1.  There is no case on record, in this state, where a bill has been brought for a divorce on the ground that a former husband, or wife, of the defendant was living at the time of the last marriage, in which alimony has been allowed to the wife.   2.  If the defendant had another husband living at the time of her marriage with the complainant, the last marriage is null and void, and the complainant is not under any legal obligation to support her ; nor under any moral obligation to supply money for her defence.  (2 *R. S.* 76.)   3.  The complainant is poor, and not able to furnish money for the defendant's support, and for her expenses in defending the suit.   4.  By directing the payment of her expenses, and alimony to the defendant, this court would lend its influence in supporting a contract that was null and void *ab initio,* and a violation of public policy.

*R. Loyd,* for the defendant.   The bill alleges that the defendant, at the time of her marriage with the complainant, was the wife of Henry Colter, and that the complainant was induced to marry her by the fraud and connivance of the defendant.   The petitioner denies that Colter was alive at the time of her marriage with the complainant, but states that he was dead ; and she denies all fraud or connivance to induce the complainant to marry her. In her petition the defendant asks for alimony, and for an allowance for expenses sufficient to enable her to make her defence. The method of procuring alimony and expenses is by petition. (*See* 2 *Barbour's Ch. Prac.* 268.)   An allowance is almost a matter of course where the defendant denies all guilt charged in the bill.   And the court will not try the question of guilt or innocence on a motion like this.  (*Id.* 265, 268.   *Wood* v. *Wood,* 2 *Paige,* 109.)   The defendant must show, in her petition, a defence to the complainant's bill.  (*Osgood* v. *Osgood,* 2 *Paige's Rep.* 621.)   This has been done in the present case.

North v. North.

Where the husband is complainant his poverty will not protect him. He must conform to the rule, or abandon his suit. (*See* 2 *Barbour's Ch. Prac.* 266.)

THE CHANCELLOR. The affidavit of the defendant denies the fact, charged in the bill, that her former husband was living at the time of her intermarriage with the complainant. For the purposes of this application, therefore, the fact of marriage is admitted; and the presumption is that it was legal, until the contrary shall have been established by the proofs in the cause. Besides, it appears by the bill itself that the parties continued to cohabit together, as husband and wife, until the spring of 1845; although the complainant admits that he was informed in the summer of 1844, that the former husband of the defendant was living when the marriage with the complainant took place, in 1840. And if the former husband was dead at the time of this subsequent cohabitation, the court may infer an agreement of these parties to live together as husband and wife after his death; so as to constitute a valid marriage between them at the time the present bill was filed. (*Rose* v. *Clark,* 8 *Paige's R.* 574. *Matter of Taylor,* 9 *Idem,* 611.) It does not follow, therefore, that the complainant will be entitled to a decree, dissolving the marriage between him and the defendant, even if he should succeed in proving that the former husband of the defendant was alive, in July, 1840; when the ceremony of marriage between the present parties took place.

The counsel for the complainant is under a mistake in supposing that the allowance for ad interim alimony, and for the expenses of defending the suit, is confined to cases in which both parties admit the original marriage to have been legal. It is true, that where the wife files a bill against her reputed husband, to annul the marriage upon the ground of impotence, or for any other cause which goes to the legality of the marriage originally, the allegations in her bill will be taken to be true, as against herself, when she applies for an allowance, out of the husband's estate, either for alimony or for the expenses of the litigation. But the practice is otherwise where the husband files

North *v.* North.

a bill against his reputed wife; admitting that he was in fact married, to the defendant, but which marriage he alleges to have been illegal or void. In such cases, if the facts stated in the complainant's bill, upon which the supposed illegality or invalidity of the marriage depends, are denied by the defendant upon oath, either positively or upon her information and belief, she is entitled to ad interim alimony, for her support, until the truth or falsehood of the allegations in the complainant's bill can be ascertained by the proofs; and also to a reasonable allowance, out of his property, to enable her to make a proper defence to the suit. (*Poynter's Mar. & Div.* 247.) It is true, the provision of the revised statutes, on the subject of an allowance to the wife to enable her to carry on the suit, is confined to suits brought for a divorce or a separation; and does not in terms extend to the allowance of ad interim alimony, even in those cases. (2 *R. S.* 148, § 56.) But by referring to the reviser's note to that provision, it will be seen that the allowance does not depend wholly upon the statute, but upon the practice of the court as it previously existed. And even subsequently to that statute, this court has continued to allow ad interim alimony, in matrimonial cases, in the same manner as before. Ayliffe says, a husband, regularly speaking, is bound to allow his wife alimony pending the suit, whatever the cause may be. Poynter also lays down the rule generally, that in all suits of divorce, or suits for the restitution of conjugal rights, or in suits of nullity if the nullity be promoted by the husband, as soon as the court is judicially informed that a fact of marriage has taken place, it is competent for the wife to apply for alimony pending the suit. (*See also* 1 *Ought. Ordo Judic.* 306, *tit.* 206.) The precise question now under consideration, came before Sir George Lee, in the Arches Court of Canterbury, as early as 1753, in the case of *Bird* v. *Bird*, (1 *Lee's Eccl. Cas. by Phill.* 209;) and was decided in favor of the wife. In that case the husband brought a suit against the wife, to annul the marriage, on the ground that she had another husband living at the time of her marriage with the plaintiff. This fact being denied by the wife, she applied for an allowance to enable her to defend the suit. It was granted to

North v. North.

her accordingly; although the plaintiff insisted she was not his lawful wife, and that he was not bound to bear the expenses of her defence. And it appears by a subsequent report of the case, that she was afterwards allowed £20 for her support pending the litigation, and a further sum for the expenses of the hearing of the cause; which last sum, together with the arrears of her alimony, the court directed to be paid to her before the cause should be heard. (*Idem*, 572.) A similar decision was made in the same court, in 1818, in the case of *Smith* v. *Smith*; where a bill was filed, by the committee of the husband, to annul a marriage; on the alleged ground that the husband was a lunatic and incapable of contracting a valid marriage at the time the marriage in fact took place. And though fraud in procuring the marriage was imputed to the defendant, the court refused to proceed in the cause until the committee of the husband should furnish the wife with funds, to enable her to make her defence to the suit. This last decision was followed by Sir Christopher Robinson, in the consistory court of London, eight years afterwards, in the case of *The Earl of Portsmouth* v. *The Countess of Portsmouth*, (3 *Addams' Eccl. Rep.* 63;) where the marriage was also sought to be annulled on the ground of the alleged lunacy of the husband at the time it took place. The first of these cases was more than twenty years previous to the revolution, and shows what was the settled law on the subject at that time. The defendant is, therefore, entitled to an allowance from the complainant to enable her to make her defence, and to a further sum for the support of herself and her child pending the litigation.

An order must be entered, with the clerk of the sixth circuit, directing the complainant to pay to the defendant, or her solicitor, twenty dollars within twenty days, to enable her to put in her answer and put the cause in readiness to take testimony; twenty dollars more when the cause is in readiness to take testimony therein; and twenty dollars when the cause is in readiness for hearing. And all proceedings on the part of the complainant must be stayed, after the said sums respectively become payable, until the same shall have been paid. It must also be referred to a master, in the county of Allegany, to inquire and report

what will be a reasonable allowance for the support of the defendant, and her child, from the time of the commencement of this suit, to be paid quarter yearly. And the order must direct, that upon the coming in and confirmation of the master's report, the defendant pay to her, or to her solicitor, the amount as fixed by the master, up to the date of his report, within twenty days; and that he pay the further allowance quarterly, from the date of such report, within twenty days from the end of each quarter; with liberty to either party to apply to increase or diminish such allowance, from time to time, as a change of circumstances may require.