WILLIAM KINZEY, Respondent, *against* ADELAIDE KINZEY, Appellant.

(Decided February 4th, 1878.)

Alimony *pendente lite* will not be allowed unless the existence of the marital relation be proven to the satisfaction of the court.

In an action by a husband for an absolute divorce on the ground that at the time the marriage was contracted his wife had a husband then living and had fraudulently concealed that fact from him, the court refused to allow the wife alimony *pendente lite* where it appeared that she had had a husband prior to her marriage with the plaintiff, and had obtained a limited divorce from him on the ground of abandonment shortly prior to her marriage with the plaintiff; and although the wife swore that she had no knowledge of the whereabouts of her first husband, and had not heard of or from him for some nine years prior to her marriage with the plaintiff, yet the court held that the fact of her having obtained the divorce showed that she could not have believed her former husband to be dead,—which prevent-

ed her from taking advantage of the statute (2. R. S. 139 § 6), providing that "if any person whose husband or wife shall have absented himself or herself for the space of five successive years, without being known to such person to be living during that time, shall marry during the life of such absent husband or wife, the marriage shall be void only from the time that its nullity shall be pronounced by a court of competent jurisdiction."

APPEAL from an order of this court made at special term by Judge JOSEPH F. DALY, denying a motion by defendant for alimony *pendente lite* and counsel fee.

The facts are stated in the opinion.

The opinion at special term was as follows :

" Although defendant positively swears that she had no knowledge of the whereabouts of her first husband, and had not heard of or from him for some nine years prior to her marriage with plaintiff, yet it appears from another circumstance stated in her affidavit that she could not have believed him to be dead.   That circumstance is the institution by her of a suit for divorce from him at the time she contemplated her marriage with plaintiff, which divorce was, as she says she believes, finally procured for her just before such marriage ; the decree however being sent to her after it had taken place.

" The statute which may be said to sanction a subsequent marriage by a person whose husband or wife has absented himself or herself for a space of five years expressly provides that the absentee must not be known to such person to be living during that time.   (2 R. S. 139, sec. 6.)   In such case only is a subsequent marriage valid until its invalidity is pronounced.

" *The full belief* in the death of the former husband or wife is the element of good faith required by the statute, in order to entitle the issue of a subsequent marriage to inherit from the parent who was entitled to contract that marriage. (2 R. S. 142, sec. 23.)   And this element of good faith is of controlling importance in dealing with rights of the parties to the subsequent marriage as against each other ; in this case both parties to this action certainly had reason to believe, if they were not in fact actually convinced, that the defendant's former husband was living when this marriage was

contracted; the defendant, because she instituted suit for divorce from him, and the plaintiff, because, as he himself swears, she informed him of her desire to obtain such divorce.

"That divorce was to be obtained for abandonment, and both parties were bound to know that it was mere separation and not a dissolution of the bond of the former marriage (2 R. S. 147, sec. 51), and they would seem therefore to have contracted this marriage with the knowledge that the former union was in force.

"No observations of mine can add to the force of the mere statement of the facts showing the full extent of the legal, moral and social wrong committed in this easy violation of sacred and lawful obligations, and no other reason need be given for refusing any allowances by alimony or otherwise to a party confessedly entering into this marriage in bad faith."

*John W. Weed*, for appellant.

*H. Daily, Jr.*, for respondent.

LARREMORE J.—The plaintiff seeks in this action to annul the marriage between himself and the defendant on the ground of fraudulent representations, and on the ground that at the time of such marriage, and of the commencement of the suit, her former husband, Willard Ide, was alive. It appears by the motion papers that Ide abandoned the defendant in the year 1859, since which time she claims to have had no knowledge of his existence. Her answer sets up that she made a statement to the plaintiff of the fact of the continuous absence of her former husband, and that he—the plaintiff—entered into matrimony with her with full knowledge of all the facts affecting their marital relations. In his complaint, the plaintiff avers that since their separation he has paid and allowed defendant for her support the sum of $20 per week, and that he is ready and willing, and therein offers, to continue the said payment and allowance during the pendency of the action. The defendant made a motion for alimony and allowance, which was denied, and she appeals.

The validity of defendant's second marriage rests upon, the provision of the statute that if any person whose husband or wife shall have absented himself or herself for the space of five successive years without being known to be living during that time, shall marry, such marriage shall be void only when so declared by a court of competent jurisdiction.

The counsel for the appellant indulged in a criticism of the terms used by the learned judge in his decision of the motion. The judge holds, that " belief in the death " of her first husband was essential to the validity of her second marriage. The counsel argued that the " want of knowledge of her former husband being alive " was the statutory test of validity. Without entering into any extended discussion of the technical refinements and distinctions between a belief in a fact and a knowledge of that fact, it is obvious that the statutory phrase " being known," implies and includes not only the thing known but also that which *may be known.* The decision complained of is susceptible of the construction that if the defendant had a belief that could and would have ripened into a knowledge of her former husband's existence during the five years immediately preceding her second marriage, it was bad faith on her part to enter into that relation without employing some means to ascertain a fact so essential to its validity. The statute whose protection she invokes offers no premium for ignorance or want of ordinary precaution. The affidavit of Anson H. Brown shows that in the year 1874 said Ide lived with his father at Rahway, New Jersey, where defendant's daughter formerly resided, and where her mother visited her; and although this place was of convenient and easy access, yet no information is sought, nor inquiry made at the place and from the persons, where the knowledge, if desired, was most likely to be obtained. The whole transaction was certainly questionable.

In *Bartlett* v. *Bartlett* (Clarke Ch. 463), alimony was refused in a suit brought to annul a marriage, but *North* v. *North* (1 Barb. Ch. 241) is an authority for awarding it.

In *Reeves* v. *Reeves*, recently decided, this court, following the ruling in *Brinkley* v. *Brinkley* (50 N. Y. 184),

held that alimony would not be allowed unless the existence of the marital relation be proven to the satisfaction of the court, for the right to alimony depends upon that relation.

Under the authority of that decision the order appealed from must be affirmed.

ROBINSON, J., concurred.

Order affirmed.