THOMAS C. HIGGINS, Appellant, *v.* GERTRUDE S. SHARP, Otherwise Called GERTRUDE S. HIGGINS, Respondent.

ACTION TO ANNUL A MARRIAGE — POWER OF SUPREME COURT TO GRANT ALIMONY AND COUNSEL FEES. The Supreme Court, in an action against a wife to annul a ceremonial marriage, has, in a proper case, as an incident to its jurisdiction to entertain the action, power to grant alimony and counsel fees *pendente lite*, although the provisions of the Code of Civil Procedure (§§ 1742 *et seq.*) authorizing and regulating actions to annul a marriage are silent as to alimony and counsel fees.

*Higgins* v. *Sharp*, 51 App. Div. 611, affirmed.

(Argued June 6, 1900; decided October 2, 1900.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, made April 14, 1900, affirming an order of Special Term awarding to defendant a counsel fee and alimony *pendente lite*.

The nature of the proceeding, the question certified and the facts, so far as material, are stated in the opinion.

*Edward W. S. Johnston* for appellant. No authority is to be found in the statutes of this state justifying the court in an action for annulment of a marriage awarding alimony and coun-

sel fees *pendente lite.* (Code Civ. Pro. § 1769.) The court has no inherent power to award alimony and counsel fees in an action for annulment of a marriage. (*Bartlett* v. *Bartlett,* Clarke's Ch. 322; *North* v. *North,* 1 Barb. Ch. 241; *Meo* v. *Meo,* 18 N. Y. S. R. 270; *Lee* v. *Lee,* 4 Civ. Pro. Rep. 321; *Blinks* v. *Blinks,* 5 Misc. Rep. 193; *Ramsden* v. *Ramsden,* 28 Hun, 285; *Bloodgood* v. *Bloodgood,* 59 How. Pr. 42; *Griffin* v. *Griffin,* 47 N. Y. 134; *Peugnet* v. *Phelps,* 48 Barb. 566; *Erchenbrach* v. *Erchenbrach,* 96 N. Y. 456.) The court cannot award alimony and counsel fees *pendente lite* where the woman in her answer only denies knowledge or information sufficient to form a belief as to whether her admitted representations of inducement were false and nowhere asserts the validity of the marriage, and in response to her petition for such alimony and counsel fees the man produces indisputable and undisputed proof that at the time of such marriage ceremony she was the wife of another man. (*McGown* v. *McGown,* 19 App. Div. 368; *Bell* v. *Bell,* 4 App. Div. 527; *Matter of Kimball,* 18 App. Div. 320; *Davis* v. *Davis,* 2 Misc. Rep. 549; *Hamilton* v. *Hamilton,* 26 Misc. Rep. 336; *Forrest* v. *Forrest,* 2 Edm. Sel. Cas. 180; *Matter of House,* 40 N. Y. S. R. 286; *People* v. *Baker,* 76 N. Y. 78; *O'Dea* v. *O'Dea,* 101 N. Y. 23; *Cross* v. *Cross,* 108 N. Y. 628.)

*A. E. Lamb* for respondent. The Supreme Court has power to grant a wife alimony and counsel fee in an action to annul her marriage as an incident to its jurisdiction to entertain such an action. (*North* v. *North,* 1 Barb. Ch. 241; *Griffin* v. *Griffin,* 47 N. Y. 134.) The power possessed and exercised by the Supreme Court as successor of the Court of Chancery was not abridged by section 1769 of the Code of Civil Procedure. (*O'Dea* v. *O'Dea,* 31 Hun, 441; *Lee* v. *Lee,* 4 Civ. Pro. Rep. 312; *Isaacson* v. *Isaacson,* 3 Law Bul. 73; *Davis* v. *Davis,* 75 N. Y. 221.)

O'Brien, J. The order from which this appeal was taken awarded to the defendant counsel fee and a weekly allowance

as alimony during the pendency of the action. The action was brought by the plaintiff to annul a ceremonial marriage with the defendant, entered into in this state on the 19th day of June, 1894.

It appears from the pleadings and papers used upon the application in which the order was made that the defendant was married in the state of Ohio in December, 1888, to one Frederick H. Sharp; that in 1891 she instituted an action against him in the Court of Common Pleas of that state for an absolute divorce. The summons in the action was served upon the husband by publication and by mail at Brooklyn in this state where, it seems, he then resided or was found. In May, 1892, the court entered a decree dissolving the marriage, and it seems to be conceded that this judgment was authorized by the laws of that state and is there held to be valid. The defendant then married the plaintiff in this state as already stated.

The plaintiff now alleges that the defendant represented to him that she was legally divorced from her former husband, but that such representations were false and fraudulent, and made for the purpose of influencing him to contract the marriage in question; that, relying upon the truth of her representations, he did consent to the marriage and the ceremony was performed. These allegations were denied by the defendant in her verified answer, except the fact of the ceremonial marriage to the plaintiff, which she insists is valid. The defendant stated in her petition or application to the court, which was duly verified, that she was destitute of the means of support pending the action, or for carrying on her defense and defraying the costs and expenses attending the same. The plaintiff by his complaint, not only asks to annul the marriage, but to set aside and declare void the transfer of certain property to the defendant, made by him at the time.

It is somewhat difficult to say whether the basis of the action is fraud, or the incapacity of the defendant to contract the marriage by reason of the fact alleged that at the time of the ceremony the prior marriage to Sharp was in force. The

complaint is silent as to some facts that would seem to be material, considering the peculiar form of the action. It is not stated when he discovered the fraud, or whether he cohabited with the defendant after the discovery, or whether the husband by the former marriage was alive at the commencement of the action. The issues made by the pleadings indicate that there are questions of importance in the case that must be tried and determined before the plaintiff will be entitled to judgment.

The order granting the allowance to the defendant was not appealable to this court as matter of right, but the court below has allowed an appeal and certified to us the following question which constitutes the basis of our jurisdiction : "And this court hereby certifies to the Court of Appeals that a question of law has arisen herein, which, in the opinion of this court, ought to be reviewed by the Court of Appeals, and that such question of law is : Has the Supreme Court in an action against a wife to annul a ceremonial marriage, in which action the wife by her answer only asserts the validity of the marriage, power to grant alimony and counsel fee *pendente lite ?* "

We understand this question to involve only the power of the court, in an action to annul a marriage, to grant alimony and counsel fee pending the suit. If it calls for an opinion with respect to the mode of proving the necessary facts, or the degree of proof necessary in such cases, that is scarcely a question of law. All applications of this character made to the court should be considered with reference to what appears to be the merits of each case, and granted or denied in the exercise of a sound discretion. It is scarcely necessary to say that in an action against a woman to annul a marriage alleged to be void from the beginning, it should appear that she is defending its validity in good faith upon some reasonable or substantial ground. The mode of proving the facts and the degree of proof that should be required, as well as the general merits of the application, are matters so largely in the discretion of the court of original jurisdiction that it is not

within the province of this court to prescribe any rule of practice to be observed. These remarks would seem to be unnecessary but for the elaborate discussion in the brief of the learned counsel for the appellant concerning the merits of this particular case, as disclosed by the moving papers, and the peculiar form of the question itself, which seems to apply to a case where " the wife by her answer only asserts the validity of the marriage."

We will, therefore, assume that the question to be decided is whether the court has power in an action against the woman to annul a marriage to grant alimony and counsel fee pending the action.

It is argued in support of the appeal that the court does not possess that power, and this argument is based largely upon the general proposition that the jurisdiction of the court in matrimonial cases is derived wholly from the statute, and since the statute does not in terms confer any power upon the court to grant alimony, or an allowance in actions to annul a marriage, the order in this case should be reversed. It must be admitted that the power conferred by section 1769 of the Code applies to actions for divorce or separation, properly so designated, and not to actions like this, where it is sought to procure a judgment declaring the marriage void *ab initio*. But it does not follow that because the statute which authorizes and regulates actions to annul a marriage is silent as to alimony or counsel fees the court is without power to allow either or both in a proper case. (Code, § 1742–1755.) The general jurisdiction conferred by the statute to entertain such actions carries with it, by implication, every incidental power necessary for its proper exercise. When a statute gives the court jurisdiction over a class of actions it is not necessary that all the powers of the court, or all the details of the procedure and practice, should be specially enumerated. For the purpose of administering justice in such cases the court may resort to general rules of practice and may make such orders in the case as justice requires, and may exercise such incidental powers as are usual or necessary in such cases. The

power to allow alimony and counsel fees to the wife in order to enable her to live pending the action, and to present her defense, if she has one, must be regarded as incidental and necessary in all matrimonial actions. Without such power the rights of the woman, in many cases, could not be adequately protected.

It seems to us, therefore, that actions to annul a marriage are governed, with respect to alimony and counsel fees, by the same principles as all other actions for divorce. When the court was vested with jurisdiction in such cases, the incidental power to guard and protect the rights of the wife, which had always been regarded as a part of the jurisdiction, necessarily followed and attached, upon the plainest principles of reason and justice.

While it may be true that some conflict of opinion is to be found in the books on this question, we think it is settled by authority in this state in accordance with the views above stated. (*North* v. *North*, 1 Barb. Ch. 241; *Griffin* v. *Griffin*, 47 N. Y. 134, 136; *Brinkley* v. *Brinkley*, 50 N. Y. 184, 193; *O'Dea* v. *O'Dea*, 31 Hun, 441; *S. C.*, 101 N. Y. 23.) These cases decide that while the jurisdiction to entertain actions to annul a marriage is statutory, yet the practice of the former Court of Chancery and of the ecclesiastical courts in England to allow alimony and counsel fees in proper cases is one of the incidents which necessarily follow the jurisdiction, and the same power now exists in actions under the statute.

The case of *North* v. *North* (*supra*) was decided by the chancellor in 1845. The argument based upon the statutory jurisdiction of the court was as strong then as it is now, but the court asserted the power to grant alimony and an allowance upon a state of facts and a case that differ in no essential respect from the one at bar.

The case of *Griffin* v. *Griffin* (*supra*) was an action by the husband against the wife to annul a marriage upon the same ground as in this case. The wife succeeded in the action and the husband's complaint was dismissed. The court made an

order granting to her alimony and a counsel fee of $1,500, and nearly $1,000 more to the wife herself as expenses for the defense of the action, in excess of the taxable costs. It was conceded that there was no express authority in the statute for such an order, and that, if sustained, it would have to rest upon the incidental powers formerly vested in the Court of Chancery in such cases to which it was said the Supreme Court had succeeded. This court sustained the order upon those grounds, following and affirming the case of *North* v. *North*. There was no more authority in the terms of the statute for the order in that case than there is in this, but it was clearly demonstrated in the luminous opinion of Judge RAPALLO that in such cases the power existed independent of the statute.

This is a case where the defendant has put in issue all the material allegations of the complaint and where she stands to defend her rights as the plaintiff's wife. Her application was, therefore, addressed to the sound discretion of the court, and the order cannot be questioned for want of power in the court to make it.

The order should be affirmed, with costs, and the question certified answered in the affirmative.

PARKER, Ch. J., BARTLETT, HAIGHT, VANN, LANDON and CULLEN, JJ., concur.

Order affirmed.