JESSIE M. JONES, Otherwise Known as JESSIE M. BRINSMADE, Respondent, v. CHARLES L. BRINSMADE, Appellant.

HUSBAND AND WIFE — ACTION BY WIFE TO ANNUL A MARRIAGE BECAUSE HUSBAND WAS A LUNATIC — WIFE NOT ENTITLED TO COUNSEL FEE AND ALIMONY. In an action brought by a wife against her husband to annul their marriage on the ground that the husband was insane at the time the marriage was contracted, the Supreme Court has no power, in the absence of express authority by statute, to award the plaintiff counsel fee and alimony *pendente lite;* although the marriage of a lunatic is voidable and becomes void only upon a decree annulling the marriage, the status of the parties established by the decree of nullity necessarily relates back to the contract of marriage, and, therefore, under the rule that he who elects to rescind a contract can claim nothing under it, the plaintiff cannot insist that she is entitled to all the rights of a wife under a valid marriage until the time a decree is rendered.

*Jones* v. *Brinsmade,* 104 App. Div. 619, reversed.

(Argued November 21, 1905; decided December 5, 1905.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 11, 1905, which affirmed an order of Special Term granting an application for counsel fee and alimony in an action for the annulment of a marriage.

The question certified is stated in the opinion.

*James C. Bergen* for appellant.   The order appealed from is erroneous for the reasons that the court is without power to make the order and the plaintiff respondent is not entitled to the relief it grants her.   (*Bartlett* v. *Bartlett,* Clarke's Ch. 322; *North* v. *North,* 1 Barb. 241; *Bloodgood* v. *Bloodgood,* 59 How. Pr. 42; *Isaacsohn* v. *Isaacsohn,* 3 N. Y. L. Bull. 73; *Matter of Michaelson,* 25 N. Y. D. Reg. part 1; *Meo* v. *Meo,* 22 Abb. [N. C.] 58; *Heron* v. *Heron,* 28 Misc. Rep. 323.)   The grounds on which the wife in this action bases her claim are such that, if established, the marriage is void *ab initio.*  (*Wightman* v. *Wightman,* 4 Johns. Ch. 343; *Cheney* v. *Arnold,* 15 N. Y. 345.)

*William M. Wherry, Jr.,* and *W. Osgood Morgan* for respondent.   The power and jurisdiction of the Supreme Court to compel the defendant to support the plaintiff during the pendency of this action and to provide her funds to properly present her case to the court, is derived from the power and jurisdiction of the court to entertain the action.   (*Higgins* v. *Sharp,* 164 N. Y. 4; *Gore* v. *Gore,* 103 App. Div. 74; *Bartlett* v. *Bartlett,* Clarke's Ch. 322; *North* v. *North,* 1 Barb. Ch. 241; *Griffin* v. *Griffin,* 47 N. Y. 134; *Brinkley* v. *Brinkley,* 50 N. Y. 184; *Anonymous,* 15 Abb. Pr. [N. S.] 307; *Bloodgood* v. *Bloodgood,* 59 How. Pr. 42; *Allen* v. *Allen,* 59 How. Pr. 27; 8 Abb. [N. C.] 175; *Isaacsohn* v. *Isaacsohn,* 3 N. Y. L. Bull. 73.)

CULLEN, Ch. J.   The question presented by this appeal and certified by the court below is: "In an action brought by a wife against her husband to annul their marriage on the ground that the husband was insane at the time the marriage was contracted, has the Supreme Court jurisdiction and power to grant an application made by the plaintiff — the wife — that the defendant — the husband — be compelled to pay her alimony *pendente lite* and counsel fee and to make an order directing such payments to be made by defendant?"   While neither the Revised Statutes nor the present Code authorize

in express terms the court to award alimony and counsel fee in an action to annul a marriage, it has been the settled law under both systems of statutory procedure that the court has such power where the action is brought against the wife. (*North* v. *North*, 1 Barb. Ch. 241; *Griffin* v. *Griffin*, 47 N. Y. 134; *Higgins* v. *Sharp*, 164 N. Y. 4.) The learned counsel for the appellant concedes this proposition, but contends that under the equally well-settled rule prevailing in this state alimony and counsel fee will not be granted the wife when she seeks to annul the marriage on account of its original invalidity. No express statutory authority being given, the power of the court to make such an allowance is sustained as incidental to the statutory jurisdiction' to entertain an action to annul a marriage. (See cases cited above.) Therefore, especially in an action of this character, more than in an action for divorce, is the rule stated by Judge RAPALLO in *Collins* v. *Collins* (71 N. Y. 269) applicable: "Where the facts are such that, on general principles of equity, a plaintiff is not entitled to demand alimony, the question becomes one of law, reviewable in this court." Though the exact point has not been determined by this court, the doctrine seems to have been well established in the old Court of Chancery that where a wife files a bill against her reputed husband to annul a marriage, upon any cause which goes to the legality of the marriage originally, the allegations in her bill will be taken as true against herself, and an allowance to her to maintain the suit will be denied (*North* v. *North*, *supra*; *Bartlett* v. *Bartlett*, Clark's Ch. 460), and since the abolition of the Court of Chancery the great weight of authority in the Supreme Court is to the same effect. (*Bloodgood* v. *Bloodgood*, 59 How. Pr. 42; *Isaacsohn* v. *Isaacsohn*, 3 N. Y. Law Bulletin, 73; *In re Michaelson*, 25 N. Y. Daily Register; *Meo* v. *Meo*, 22 Abb. [N. C.] 58; *Herron* v. *Herron*, 28 Misc. Rep. 323.) In *Griffin* v. *Griffin* (*supra*) the question was as to the power of the conrt to award alimony and counsel fee in an action brought against the wife to annul the marriage, but Judge RAPALLO, speaking for this court, recognizes the

rule to be as I have stated, saying: " It is also very properly restricted to cases where the wife admits the existence of a valid marriage and seeks a divorce or separation for subsequent misconduct of the husband. Where she denies the existence of the marriage, she cannot consistently claim that the defendant is under any obligation to provide her with means to carry on her suit against him." In *Brinkley* v. *Brinkley* (50 N. Y. 184), though like the last case in that the point was not involved, Judge FOLGER makes a similar statement: " In an action by the wife for divorce or by the husband for a decree that the marriage is null, in which the putative wife avers the existence and legality of the marriage, though the alleged husband denies it, the court may, in its discretion, allow to the putative wife temporary alimony and money to carry on the action from the means of the alleged husband." In *Higgins* v. *Sharp* (*supra*) the question was the same as in the *Griffin* case, and there is nothing to be found in the opinion rendered by Judge O'BRIEN intimating that alimony should be allowed a wife seeking to establish the invalidity of her marriage. Counsel for the respondent cites three cases as sustaining a contrary rule. *Allen* v. *Allen* (59 How. Pr. 27), was a suit by the wife to anual a marriage for the impotency of the husband; alimony and counsel fee were awarded. The case was decided at Special Term without opinion and without the citation of authority for its support. *Anonymous* (15 Abb. Pr. [N. S.] 307) is not in point. There the husband obtained by default a decree against his wife annulling the marriage and again married. The first wife had the decree opened and was allowed to defend. Thereafter the second wife was permitted to intervene in the action apparently on a suspicion that the opening of the decree was an artifice by the husband to get rid of her. The court allowed the intervening wife counsel fee. The situation in that case was the exact reverse of this. Counsel fees were allowed to a woman who sought to sustain the validity of her marriage, not to avoid it. Finally we have *Gore* v. *Gore* (103 App. Div. 74). There alimony and counsel fee were awarded a wife seeking

to annul a marriage for the impotency of her husband. The learned court was of opinion that the marriage being void under the statute (§ 4, art. 1, Domestic Relations Law) from the time its nullity was declared by a court of competent jurisdiction, until that time the plaintiff possessed the same rights and was entitled to the same favor as a wife by a marriage concededly valid in an action brought against her husband for his subsequent misconduct. In support of this position the respondent cites the section of the Domestic Relations Law referred to. But a comparison of that section with section 4, 2 Revised Statutes, 138, will show that the later statute so far as it relates to the question before us is but a re-enactment of the earlier statute, the words not being changed, but being transposed in the order in which they are found. There is, therefore, no change in legislation which justifies any change in the rule that has hitherto obtained.

Conceding that the marriage of a lunatic is voidable, not void, and that it becomes void only upon a decree annulling the marriage, does it follow that while electing to have her marriage declared void a plaintiff can insist that she is entitled to all the rights of a wife under a valid marriage until the time the decree is rendered? I think the learned court in the *Gore* case failed to appreciate that the status of the parties established by a decree of nullity necessarily relates back to the time of the contract of marriage. This is the rule applicable to other contracts sought to be rescinded for fraud or other infirmities; he who elects to rescind a contract can claim nothing under it. As to the effect of a decree of nullity it is said by Mr. Bishop (1 Marriage and Divorce, § 118): "The doctrine may have a limit under the operation of a statute, but it appears to be universal under the unwritten law, that, when a voidable marriage has been set aside by a decree of nullity, the parties are regarded as having never been married. For example, the children, before legitimate, become by force of the decree illegitimate, and the late husband is treated as having never acquired any right to the property of the wife, though the

claims of third persons are to some extent respected." The same is true of the property rights of the wife. This rule, so far as it affects the issue of the marriage, has to some extent been modified by our statute. The child of a marriage annulled on the ground of the lunacy of one of its parents is regarded as the legitimate child of the parent who was of sound mind. (Code Civ. Pro. § 1759.) Such being the effect of a decree annulling a marriage, even though the marriage is only voidable, it seems both unjust and inconsistent that a wife should be allowed alimony and counsel fee out of her husband's estate to establish the invalidity of her marriage, on the theory that by virtue of the marriage relation the husband is bound to provide for her, when if she is successful in that suit her status will be the same as if she had never married him.

The orders of the Appellate Division and the Special Term should be reversed and the motion denied, but without costs in any court.

Gray, J. I agree with the chief judge that this appeal should be sustained. In the absence of any provision of our statutes, which authorizes an award of alimony and of counsel fee, when the action is brought to annul the marriage between the parties, and conceding to the court the authority to make such, as being incidental to its jurisdiction to entertain the action, it seems to me very clear that the power cannot, with any legal propriety, be exercised in such a case as this.

I am for asserting the rule that, where the wife, as here, declares her marriage to have been null and, for that cause, seeks to have the marriage contract adjudged to have been void, she has no more an equitable ground, than she has a legal reason, for demanding that the defendant's estate be charged with her support. When she is in the position of asserting the validity of her marriage and is defending its validity, she may, consistently, invoke the power of the court to compel a provision for her maintenance and defense, until the action

has determined the relations of the parties, and, while I did not take part in the decision of *Higgins* v. *Sharp*, I recognize it as authority upon this proposition and no further.

O'BRIEN, BARTLETT, HAIGHT, VANN and WERNER, JJ., concur.

Ordered accordingly.