(153 App. Div. 636.)

### OPPENHEIMER v. OPPENHEIMER.

(Supreme Court, Appellate Division, First Department.  December 6, 1912.)

MARRIAGE (§ 62*)—ANNULMENT—ALIMONY PENDENTE LITE.

    Where, in an action for annulment of marriage, the defendant in her answer admitted the marriage, but denied the other material allegations of the complaint, and in her affidavit also denied such allegations, and alleged that plaintiff deserted and abandoned her and failed to provide for her support, she should have been granted alimony pendente lite.

    [Ed. Note.—For other cases, see Marriage, Cent. Dig. § 137; Dec. Dig. § 62.*]

Appeal from Special Term, New York County.

Action by Moses Oppenheimer against Julia Oppenheimer for annulment of marriage.  From an order denying alimony pendente lite to defendant, she appeals.  Modified and affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Goldfogle, Cohn & Lind, of New York City (Alfred D. Lind, of New York City, of counsel), for appellant.

Henry C. Neuwirth, of New York City (John J. Weiss, of New York City, of counsel), for respondent.

CLARKE, J.  This is an action brought by the husband for the annulment of a marriage.  The complaint alleges that on the 7th of September, 1910, the plaintiff was married to the defendant; that on said date, and ever since, the defendant was and has remained physically incapable of entering into the marriage state, or of consummat-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ing said marriage, by reason of personal defects and physical infirmaties, which are of an incurable nature and were unknown to the plaintiff at the time of contracting said marriage. The verified answer admits the marriage and denies the other material allegations of the complaint. In her affidavit upon the motion for alimony and counsel fees, the defendant avers:

"There is absolutely not a shred of truth in the plaintiff's allegations on which he bases this action, and I submit herewith my verified answer to the complaint denying all such allegations. * * * I was married to the plaintiff in September, 1910, and we remained together until October, 1911, when the plaintiff deserted and abandoned me, and from the beginning of the present year he has not contributed a single penny toward my support, and I have been compelled to earn my own living as best I could."

The order made thereon allowed $100 counsel fee, but denied the application for alimony.

In Higgins v. Sharp, 164 N. Y. 4, 58 N. E. 9, the Appellate Division certified the following question to the Court of Appeals:

"Has the Supreme Court, in an action against a wife to annul a ceremonial marriage, in which action the wife by her answer only asserts the validity of the marriage, power to grant alimony and counsel fee pendente lite?"

After an examination of the cases the unanimous decision of the court was:

"This is a case where the defendant has put in issue all the material allegations of the complaint, and where she stands to defend her rights as the plaintiff's wife. Her application was, therefore, addressed to the sound discretion of the court, and the order cannot be questioned for want of power in the court to make it. The order should be affirmed, with costs, and the question certified answered in the affirmative."

We think, upon this record, the order appealed from should be modified, by granting alimony pendente lite at the rate of $7 per week, and, as so modified, affirmed, with costs and disbursements to the appellant upon this appeal. All concur.

----

(78 Misc. Rep. 461.)

UNION BANK OF BROOKLYN v. RUBINSTEIN et al. (No. 1.)

(Supreme Court, Special Term, New York County. October, 1912.)

MORTGAGES (§ 283*)—DEFICIENCY—EXTENT OF LIABILITY.

Where one gives a second mortgage to secure his note, and then deeds the land subject to it, the grantee not assuming its payment, he remains principal debtor for that part of it which is in excess of the value of the land over the first mortgage, so that he is not exonerated from all liability, as regards a deficiency judgment, by the mortgagee and grantee substituting for the first mortgage a larger mortgage, maturing later, but only to the extent of the increase in the amount of the prior lien; no decrease in the value of the property during the period of extension being shown.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 756–758; Dec. Dig. § 283.*]

----

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes