(174 App. Div. 913)

## TIEDEMAN v. TIEDEMAN.

(Supreme Court, Appellate Division, Second Department. July 28, 1916.)

1. MARRIAGE ⨀62—ANNULMENT—COUNSEL FEES—AFTER FINAL JUDGMENT.
    After final judgment annulling a marriage, under Code Civ. Proc. §
    1774, regulating judgment in such actions, no jurisdiction exists to award
    counsel fees to the wife.
        [Ed. Note.—For other cases, see Marriage, Cent. Dig. § 137; Dec. Dig.
        ⨀62.]

2. MARRIAGE ⨀62—ANNULMENT—COUNSEL FEES.
    In action to annul a ceremonial marriage, the power, if it exists, to
    award counsel fees to the wife to prosecute appeal from interlocutory
    judgment, is not statutory, but incidental, and within the court's sound
    discretion.
        [Ed. Note.—For other cases, see Marriage, Cent. Dig. § 137; Dec. Dig.
        ⨀62.]

3. MARRIAGE ⨀62—ANNULMENT—COUNSEL FEES.
    Without cogent proof of merit, such an award cannot be sustained.
        [Ed. Note.—For other cases, see Marriage, Cent. Dig. § 137; Dec. Dig.
        ⨀62.]

Appeal from Special Term, Kings County.

Suit by William C. Tiedeman against Lillian M. Tiedeman. Interlocutory judgment for plaintiff. From an order granting defendant's motion to be awarded counsel fees to prosecute an appeal, plaintiff appeals. Reversed, and motion denied.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

Adolphus D. Pape, of New York City (John M. O'Neill, of Brooklyn, on the brief), for appellant.
J. T. Goldberg, of New York City, for respondent.

PER CURIAM: The plaintiff obtained an interlocutory judgment declaring the marriage contract between him and the defendant void and annulling the marriage. 94 Misc. Rep. 449, 157 N. Y. Supp. 1101. The cause is that her prior marriage with another man was in force at the time of the ceremony. Final judgment has not been entered. The time fixed for its entry by section 1774 of the Code of Civil Procedure has not arrived. Her attorney avers she has instructed him to appeal from the interlocutory judgment. She says she is without funds to prosecute the appeal. She moved for counsel fee for that purpose. From the order granting that motion this appeal is taken.

[1, 2] Were the final judgment entered, the application would be baseless. Lake v. Lake, 194 N. Y. 179, 87 N. E. 87. It is not now necessary to determine the power of the court to make the award to prosecute an appeal from the interlocutory judgment. In an action to annul a ceremonial marriage, the power, if its exists, is not statutory, but incidental. It is to be exercised as a matter of sound discretion. Higgins v. Sharp, 164 N. Y. 4, 58 N. E. 9.

[3] Assuming that an appeal lies to this court from the interlocutory

⨀For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

judgment, we do not deem it proper, without cogent proof of merit, to award counsel fee to prosecute such an appeal. There is no such proof in the moving papers.

The order should be reversed, and motion denied, without costs.