WILLIAM B. FARNHAM et al., Appellants, *v.* CORA M. FARNHAM, Respondent.

**Husband and wife — alimony — action by persons, claiming to be entitled to property of a husband now deceased, to annul his marriage to the defendant on ground that he was a lunatic and incapable of entering into a marriage contract — plaintiffs in such action not required to pay alimony and counsel fee to defendant.**

This action is brought under section 1747 of the Code of Civil Procedure for the purpose of procuring a judgment annulling the marriage of the defendant, whose husband is now deceased, on the ground that at the time the ceremony was performed the latter was incapable of entering into the contract by reason of his then being a lunatic. The plaintiffs are entitled to share in the estate of the father of the deceased husband, in which estate a child of his marriage to defendant is entitled to a distributive share in case the marriage was valid. *Held,* that while the statute clothes them with authority, as interested parties, to maintain an action to test the validity of the marriage, they are under no obligation to pay alimony or to furnish defendant with means to defend the action. She is not a privileged suitor against them, but only against her husband while he lived.

*Farnham* v. *Farnham,* 186 App. Div. 937, reversed.

(Submitted September 30, 1919; decided October 21, 1919.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court ·in the fourth judicial department, entered December 9, 1918, which affirmed an order of Special Term granting a motion for alimony and counsel fee in an action to annul a marriage.

The following question was certified: "Had the court power to make the order appealed from?"

The facts, so far as material, are stated in the opinion.

*F. E. Converse* for appellants. The court was without power to make the order appealed from, for the reason that the plaintiffs do not stand in the relation of husband

to the defendant. (Edol. Abr. 508 [cited in 1 Bishop on
Mar. & Div. § 1386, n. I]; Stewart on Mar. & Div.
[1887 ed.] § 358; *Cooke* v. *Cooke*, 2 Phill. 40; Shelford on
Mar. & Div. 586; *Rogers* v. *Vines*, 6 Ire. 293; *Burr* v.
*Burr*, 7 Hill, 207; 2 Bishop on Mar. & Div. §§ 829, 887.
Story's Eq. Juris. § 1424; *Morrell* v. *Morrell*, 2 Barb;
480; *Griffin* v. *Griffin*, 47 N. Y. 134; *Wood* v. *Wood*, 2
Paige, 108; *Collins* v. *Collins*, 71 N. Y. 269; *Lake* v.
*Lake*, 194 N. Y. 179.) The statute (Code Civ. Pro.
§ 1769) limits the power of the court to an order requiring
the husband, only, to pay alimony and counsel fees.
(*Erkenbrach* v. *Erkenbrach*, 96 N. Y. 456; *Livingston* v.
*Livingston*, 173 N. Y. 377; *Walker* v. *Walker*, 155 N. Y.
77; *Walter* v. *Walter*, 217 N. Y. 439; *Johnson* v. *Johnson*,
206 N. Y. 561; *Ramsden* v, *Ramsden*, 91 N. Y. 281.)
The grant of jurisdiction to entertain an action to annul
a marriage carries with it no implied or incidental power
to award alimony to be paid by any litigant other than a
husband. (*Ball* v. *Montgomery*, 2 Ves. Jr. 190; *Cooke*
v. *Cooke*, I Eng. Ecc. 178; *Atwater* v. *Atwater*, 53 Barb.
621; *Rockwell* v. *Morgan*, 13 N. J. Eq. 119.) The court
was further without power to grant the order appealed
from, for the reason that the trustee who was directed to
pay the allotted sum from funds in his hands is not a
party to the action. Neither had the court jurisdiction
over the fund. (*Goodsell* v. *Western Union Tel. Co.*,
109 N. Y. 147; *Story* v. *N. Y. & H. Railroad*, 6 N. Y. 85;
*South Buffalo Ry. Co.* v. *Kirkover*, 176 N. Y. 301; *Altman*
v. *Hofeller*, 152 N. Y. 498; *Bamberg* v. *International
Ry. Co.*, 121 App. Div. 4; *Boice* v. *Jones*, 106 App. Div.
548; Code Civ. Pro. § 416; *Knickerbocker Trust Co.* v.
*O., C. & R. S. Ry. Co.*, 201 N. Y. 379.)

*E. W. Hamn* and *Elmer E. Stanton* for respondent.
The court had the power to allow the wife alimony and
counsel fees in its discretion. (*Higgins* v. *Sharp*, 164
N. Y. 4; *Brinkley* v. *Brinkley*, 50 N. Y. 184; *Griffin* v.

*Griffin,* 47 N. Y. 134; *Jones* v. *Brinsmade,* 183 N. Y. 259.)

McLAUGHLIN, J. In 1905 William H. Farnham died, at Palmyra, N. Y., leaving him surviving as his only heir-at-law and next of kin, his son, Louis S. Farnham. He left a will, which was admitted to probate, in which he gave and devised all his estate, real and personal, in trust to John K. Williamson, to use the income therefrom for the support of his widow and son during their joint lives and the life of the survivor, and upon the death of the survivor to pay and distribute what remained to and among his heirs-at-law and next of kin in the manner and proportions prescribed by law in case of intestacy. The wife of the testator predeceased him. In 1910 the son married the defendant at Kansas City, Kansas. He died June 5, 1917, leaving him surviving the defendant, his alleged widow, and William H. Farnham, 2d, the only issue of the marriage. The plaintiff Elizabeth Cranmer is a sister of the testator and the other plaintiffs are his nephews. The action is brought under section 1747 of the Code of Civil Procedure for the purpose of procuring a judgment annulling the marriage of the defendant to Louis S. Farnham, on the ground that at the time the ceremony was performed the latter was incapable of entering into the contract by reason of his then being a lunatic. After issue had been joined, the defendant moved for alimony and counsel fee. The motion resulted in an order allowing defendant $100 per month alimony during the pendency of the action and $750 counsel fee, such sums to be paid from the funds in the hands of the trustee under the will of William H. Farnham. An appeal was taken to the Appellate Division, fourth department, which affirmed the order, but granted permission to appeal to this court, certifying the following question: " Had the court power to make the order appealed from? "

I am of the opinion the orders appealed from should be reversed and the motion for alimony and counsel fee denied. There is no authority, so far as I am aware, justifying the making of such allowance, nor do I believe the court had power to make it. Alimony and counsel fee can only be allowed when the relation of husband and wife exists. The defendant has no husband. He died in June, 1917, and after his death the court had no power to make an order allowing alimony and counsel fee in an action brought to annul the marriage. If the marriage were a valid one, then the statute defines what interest the widow takes in the husband's estate, and that interest is substituted for and takes the place of the obligation resting upon him, prior to his death, to support her. The obligation to support and maintain is the underlying principle which justifies the granting of alimony and counsel fee, when the marriage relation is attacked. The plaintiffs, however, stand in no such position to the defendant. They are strangers to her. The statute clothes them with authority, as interested parties, to maintain an action to test the validity of the marriage, and they are under no more obligation to furnish her with means to defend the action than they are to support her. She is not a privileged suitor against them, but only against her husband while he lived.

There are several other ways in which the validity of a marriage may be attacked, e. g., action to admeasure dower; to partition real property; to distribute or administer the personal estate. It has never been held, so far as I am aware, after a diligent search, that when thus attacked, alimony and counsel fee can be given out of the property involved. This court has frequently applied this rule and held that it is only where the parties to the action stand in the relation of husband and wife that the latter is entitled to alimony and counsel fee.

In *Collins* v. *Collins* (71 N. Y. 269) the court held that in order to authorize such allowance it must be admitted,

or proof presented sufficient to authorize the court to determine, that the applicant " stands in the relation of wife to the party against whom the application is made."

And in *Lake* v. *Lake* (194 N. Y. 179) it was held that such an order must primarily rest upon the existence of the relation of husband and wife; " unless that relation is sustained by the parties there is no basis for the order."

But it is suggested, not by counsel, that this is an action to annul a marriage and, therefore, a different rule applies; that independent of the statute there is inherent power in the court to make the allowance. Undoubtedly, where the husband attacks the validity of the marriage, and seeks to have it annulled, there is implied power in the court to award the wife, during the pendency of the action, sufficient funds from his estate to pay her living expenses and also counsel fee to enable her to defend the action. (*Higgins* v. *Sharp*, 164 N. Y. 4; *Griffin* v. *Griffin*, 47 N. Y. 134; *North* v. *North*, 1 Barb. Ch. 241.) But where the wife brings an action to have the marriage annulled, it has been held that the court has no power to award alimony and counsel fee. (*Jones* v. *Brinsmade*, 183 N. Y. 258.) The principle underlying that decision is that if the wife succeed, the decree nullifying the marriage relates back to the contract of marriage and the parties in that event are in the same position as if they never had been married; in other words, that the wife having elected to rescind the contract, can claim nothing under it.

What was said in *Rockwell* v. *Morgan* (13 N. J. Eq. 119) is quite applicable here. That action was brought to admeasure dower and it was sought to have an allowance made out of the property involved. The learned chancellor said: " I have been unable to discover any principle upon which the relief asked for can be granted, nor have I found any case which supports the application. It is simply a request for maintenance out of the property in question during the progress of the controversy. * * *

In a controversy with her husband it is just that she should have the means of enforcing her claim, or of testing its validity. But the doweress is not under coverture. The claim is not against her husband, nor even against his estate. * * * But what stronger claim has she in equity against her husband's children than she would have against a stranger? She clearly has no claim in this court to alimony or maintenance from the children. I know of no case in which this claim is allowed, except as against the husband himself, and that only as incidental to a bill for divorce or other relief against the husband * * *."

The action, as indicated, is to annul a marriage. The wife is defendant, but the adverse party is not her husband and the estate out of which she asks for the allowance is not that of her husband. The property never belonged to him. His only interest therein was the right to the income therefrom. The title is in the trustee appointed by the will of William H. Farnham. If the plaintiffs succeed in the action the property will belong to them, and if they fail then the property will belong to the infant son of her deceased husband. Upon what possible theory can the property of a third party be summarily taken from him and given to another? Is the title to property so insecurely protected? I do not think so.

There is another reason why this order is erroneous though I prefer to place my decision upon the ground already stated. The property from which the allowance is directed to be paid is in the hands of a trustee, who is not a party to the action. The court has no jurisdiction over him, nor has it any jurisdiction over the fund which he holds. Before the same, or any part of it, can be taken from him he is entitled to his day in court.

The orders of the Appellate Division and the Special Term should, therefore, be reversed and the motion for alimony and counsel fee denied, without costs. The question certified is answered in the negative.

POUND, J. (dissenting). I am unable to concur in the opinion of the court herein.

The wife in a matrimonial action, brought after the death of the husband by his relatives who have an interest to avoid the marriage, asks the court for an allowance for counsel fee and alimony. The relation of husband and wife existed when the husband died. On general principles of equity, the court should have power to require those who seek to annul a marriage for their pecuniary gain to pay such sums as may be necessary to enable the wife to conduct her defense. Counsel fee and alimony are incidents peculiar to the trial of matrimonial actions. (*Lake* v. *Lake*, 194 N. Y. 179.) No express statutory authority being given, the power of the court to make such an allowance is sustained as incidental to annulment actions where the husband brings the action and the wife seeks to sustain the validity of the marriage. (*Jones* v. *Brinsmade*, 183 N. Y. 258.) The relation of husband and wife has been terminated, but not dissolved. The husband did not question it. The fact that he is dead does not make the claim for counsel fee inequitable. Why equity should refuse to lay hold of the very fund that the plaintiffs seek to obtain as the result of their attack on the marriage in order to make the allowance therefrom is not apparent. Defendant seeks to protect, not property rights merely, but her status as a lawful wife and the legitimacy of the child and the child's inheritance. (Code Civ. Pro. § 1749, as amended by L. 1919, ch. 202.) Plaintiffs attack such status and such legitimacy to possess themselves of the fund. It seems unjust and inconsistent on these facts to compel the wife to conduct her defense at her own expense. If plaintiffs succeed, the fund will be diminished only to the extent necessary to protect her from oppression and to enable her to present her defense.

But she has no reason for demanding support from the

11

fund or from the plaintiffs. If the action had not been brought, she would have no claim on plaintiffs or the fund for such support and the action creates no equities in that regard.

I am for a decision modifying the order appealed from by striking therefrom the provision for alimony *pendente lite*, and otherwise affirming it, without costs.

HISCOCK, Ch. J., HOGAN, CARDOZO and ANDREWS, JJ., concur with McLAUGHLIN, J.; POUND, J., reads dissenting opinion, with whom CHASE, J., concurs.

Orders reversed, etc.