ANNA SWEET, over the Age of Fourteen Years, by MARGARET WOODRUFF, Her Guardian ad Litem, Plaintiff, v. HOWARD SWEET, Defendant.

Supreme Court, Broome County, June 26, 1928.

**Husband and wife — annulment of marriage — application for counsel fees in action to annul marriage for non-age — plaintiff, having elected to rescind contract, can claim nothing under it — motion denied.**

The plaintiff, who seeks to have her marriage with defendant annulled on the ground of non-age, is not entitled to counsel fees to enable her to prosecute the action, since, having elected to rescind the contract, she can claim nothing under it; a marriage is not void, but is voidable, until it is declared a nullity by the court.

MOTION by plaintiff for counsel fees.

*Chernin & Gold,* for the plaintiff.

*Jenks & Glezen,* for the defendant.

RHODES, J. This is a motion on the part of the plaintiff for counsel fees to enable her to prosecute the action which is brought to annul her marriage with the defendant on the ground of non-age. The defendant insists that the plaintiff is not entitled to an order directing the payment of counsel fee where she seeks to have the marriage annulled. The case of *Jones* v. *Brinsmade* (183 N. Y. 258) seems to be controlling upon the proposition. There the court said: " Where she [the wife] denies the existence of the marriage, she cannot consistently claim that the defendant is under any obligation to provide her with means to carry on her suit against him." In that action the wife sought to have the marriage annulled upon the ground of the lunacy of the husband. The court further said: " Conceding that the marriage of a lunatic is voidable, not void, and that it becomes void only upon a decree annulling the marriage, does it follow that while electing to have her marriage declared void a plaintiff can insist that she is entitled to all the rights of a wife under a valid marriage until the time the decree is rendered? I think the learned court in the *Gore* case* failed to appreciate that the status of the parties established by a decree of nullity necessarily relates back to the time of the contract of marriage. This is the rule applicable to other contracts sought to be rescinded for fraud or other infirmities; he who elects to rescind a contract can claim nothing under it."

Plaintiff's attorneys seek to draw a distinction between an

* *Gore* v. *Gore* (103 App. Div. 74).— [REP.

action brought to annul a marriage because of lunacy and the present action to annul a marriage because of non-age, and rely upon dictum in the opinion in the case of *Kellogg* v. *Kellogg* (122 Misc. 734). I see no distinction either under the statute or in principle. Under section 7 of the Domestic Relations Law, it is provided that a marriage is void from the time its nullity is declared by a court of competent jurisdiction, if either party thereto is under the age of legal consent, or is unable to consent to a marriage for want of understanding. Whether a party is under age or is a lunatic, the same rule applies; a marriage is not void but is voidable until it is declared a nullity by the court, thereupon the status of the parties established by a decree of nullity relates back to the time of the contract.

The motion is, therefore, denied, without costs.