HARRIET E. SLEICHER, Respondent, *v.* CHARLES A. SLEICHER, Appellant.

Third Department, November 15, 1928.

*Frank H. Deal,* for the appellant.

*Charles W. Bacon,* for the respondent.

HILL, J. Plaintiff and defendant were married in 1908. In 1923 they entered into a separation agreement, providing for separate maintenance of the plaintiff by monthly payments to her as long as she remained unmarried. Plaintiff obtained a divorce in the State of Nevada. The agreement as to support, pursuant to its terms, was made a part of the judgment. On August 16, 1924, plaintiff was married to one Hannum, and in August, 1927, she obtained a judgment in this State annulling the marriage on the ground that he fraudulently concealed his insanity. Defendant paid no alimony after such marriage. This action is brought to recover it, upon the ground that, after the annulment, her status was the same as though there had been no marriage. (*Jones* v. *Brinsmade,* 183 N. Y. 258; *Matter of Moncrief,* 235 id. 390.) If that doctrine applies, the agreement adopted by the Nevada judgment is in effect.

The validity of the annulment judgment is assailed because when it was granted, *Hoadley* v. *Hoadley* (244 N. Y. 424) had determined that insanity was not a ground for annulment, finally resolving any uncertainty which might have existed because of *Wightman* v. *Wightman* (4 Johns. Ch. 343); *Reed* v. *Reed* (195 App. Div. 531) and *Marvis* v. *Marvis* (216 id. 291). This judgment may be attacked either directly or collaterally. (*O'Donoghue* v. *Boies,* 159 N. Y. 87.) No distinction exists between an action to annul a marriage on the ground of insanity and one for fraud in concealing the insanity. An insane person is not capable of fraud in connection with a contract.

The recent Legislature (Laws of 1928, chap. 83) has, by an amendment to section 1137 of the Civil Practice Act, included insanity as a ground for annulment of a marriage. It may seem anomalous to sustain an attack upon a judgment illegal for want of jurisdiction when granted, which if now granted would be legal. The amendment, however, was not retroactive, and if this plaintiff desires to test the applicability of the *Moncrief* and *Brinsmade* cases, she should take some steps to be relieved from this void judgment in her favor (*Hatch* v. *Central National Bank,* 78 N. Y. 487; *Ladd* v. *Stevenson,* 112 id. 325) and begin a new action for annulment.

VAN KIRK, P. J., HINMAN, DAVIS and WHITMYER, JJ., concur.

Order reversed on the law, without costs, and motion granted, without costs.