DOROTHY W. BERNSTEIN, Respondent, v. DANIEL W. BERNSTEIN, Appellant. — Order reversed on the law and facts, without costs of this appeal to either party, and motion granted, without costs. Memorandum: On December 21, 1938, prior to the enactment (L. 1940, ch. 226) of section 1140-a of the Civil Practice Act, effective September 1, 1940, authorizing the court, in its discretion, to grant alimony in an annulment action, judgment declaring the nullity of a void marriage was " given " in favor of the plaintiff. The judgment so given was not entered within the time required by section 1175 of the Civil Practice Act or within the lifetime of the Justice who heard the testimony. By motion returnable December 8, 1948, plaintiff sought an order permitting her to enter said interlocutory judgment and findings of fact and conclusions of law in support thereof. Plaintiff, by her motion, also sought an amendment of said interlocutory judgment to provide for alimony in the sum of $35 a week. Upon the return of the motion the defendant, appearing by attorney, made application to amend said judgment to permit right of visitation to their adopted daughter. The Special Term granted the relief sought by both parties, fixed the alimony at $15 a week for the wife and directed the further sum of $20 a week be paid for the support and maintenance of their adopted daughter. Provision was made in the interlocutory decree that the plaintiff might make application at any time for the support and maintenance of the adopted child but no provision was made for the maintenance or support of the plaintiff, for the very obvious reason that at the time of the granting of the decree of annulment, alimony was not authorized in such type of action (*Jones* v. *Brinsmade,* 183 N. Y. 258; *Park* v. *Park,* 24 Misc. 372; *Johnson* v. *Johnson,* 295 N. Y. 477). The discretionary allowance of alimony authorized by section 1140-a of the Civil Practice Act refers only to a judgment " hereafter given " (*Slipock* v. *Slipock,* 185 Misc. 135). We reach the conclusion that the statute has no retroactive effect (*Slipock* v. *Slipock, supra*; see, also, *Shielcrawt* v. *Moffett,* 294 N. Y. 180) and that the Special Term had no jurisdiction to amend the interlocutory decree to provide for alimony payments to the wife. It follows that if the learned Special Term was without jurisdiction to modify the interlocutory decree of annulment by directing payment of alimony, the subsequent order of the learned Special Term from which the present appeal is taken, denying appellant's motion for an order amending or modifying the final decree of annulment by eliminating therefrom the provision for the support and maintenance of the respondent, should be reversed and the motion granted. All concur. (Appeal from an order denying a motion to amend a judgment of annulment by eliminating the provision for the support of plaintiff.) Present — Taylor, P. J., McCurn, Vaughan and Piper, JJ.

■

EMMA B. MURTAGH, as Committee of the Person and Estate of ELIZABETH E. MURTAGH, an Incompetent Person, Appellant, v. BURT F. WHITE et al., Respondents.— Motion for reargument granted. Present — McCurn, Vaughan, Kimball and Piper, JJ. [See *ante,* p. 891; 279 App. Div. 624.]

■

In the Matter of the Estate of LOUISE R. FICHTNER, Deceased. ROBERT E. TOMPKINS, as Executor of LOUISE R. FICHTNER, Deceased, Respondent; SECURITY TRUST COMPANY OF ROCHESTER, Appellant.— Motion for leave to appeal to the Court of Appeals denied. Present — McCurn, Vaughan, Kimball, Piper and Wheeler, JJ. [See *ante,* p. 740.]