Benjamin Brenner, J.
Plaintiff moves to punish defendant for contempt for his failure to pay arrears of alimony and for a stay of imminent trial until such arrears have been paid.
The defendant, a sea captain, contends that the marriage is void because of his existing prior valid marriage. He also alleges fraud, claiming that the plaintiff falsely induced him to marry her, representing that she had procured a Mexican divorce in his behalf of the marriage between defendant and his wife while he was at sea in 1948, thus freeing him for marriage to the plaintiff. Plaintiff in her moving paper sheds no light as to any of this, although apparently she was aware of the defendant’s aforesaid claims when, on learning the facts, he interposed a counterclaim for the annulment of the marriage.
If fraud alone were relied upon by the defendant as partially set out in the counterclaim, the plaintiff’s marriage then would be voidable only, and while subsisting, the right to alimony and the arrears of alimony would be within the discretion of the court. (Higgins v. Sharp, 164 N. Y. 4.) But if the defendant is presently married to a woman still living and no decree of divorce as to such marriage exists, the plaintiff in the within action is not a wife entitled to alimony or to punish defendant for failure to pay the arrears thereof, the plaintiff’s marriage being void ab initio (Cave v. Cave, 285 App. Div. 897; Civ. Prac. Act, § 1134). If the latter claim be well founded, the orders heretofore made for the payment of alimony must ultimately be set aside. The issues must therefore be tried before any further relief be granted plaintiff.
Motion for a stay of trial is denied. Motion to punish is denied without prejudice to plaintiff, if so advised, to apply to the Trial Justice, if successful upon trial, for any remedy based upon the violation of the order for the payment of temporary alimony.
Settle order on notice.