In the Matter of PAUL KAHAN, an Attorney.— Reference ordered. Present — Finch, P. J., Merrell, Martin, Sherman and Townley, JJ.

In the Matter of JOHN H. LAMBERT, an Attorney.— Reference ordered. Present — Finch, P. J., Merrell, Martin, Sherman and Townley, JJ.

In the Matter of DEMERALD R. WILLIAMS, an Attorney.— Reference ordered.— Present — Finch, P. J., Merrell, Martin, Sherman and Townley, JJ.

GEORGE S. VAN SCHAICK, Superintendent of Insurance of the State of New York, as Liquidator of the EQUITABLE CASUALTY AND SURETY COMPANY, Respondent, v. SAMUEL D. FRIEDMAN and Others, Appellants.— Order affirmed, with twenty dollars costs and disbursements. No opinion. Present — Finch, P. J., Martin, O'Malley, Sherman and Townley, JJ.

## SECOND DEPARTMENT, NOVEMBER, 1932.

JULIUS BICHOVSKY, Appellant, v. M. & J. GARAGE, INC., Respondent.— Order of Appellate Term modifying judgment of the Municipal Court unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ.

FRED S. CHAPMAN, Respondent, v. MARC ROBBINS, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Scudder, Tompkins and Davis, JJ.

LUCY FRATI, Respondent, v. MICHAEL DANN, Appellant, and GEORGE DOUCAS and Another, Defendants.— Judgment reversed on the law and the facts and a new trial granted, costs to abide the event. In our opinion, there is no support in the record for the respondent's contention that the appellant was negligent in not guarding or lighting the open cellar doors. There is no evidence that he knew the doors were open and unguarded, or that they had been in that condition for a sufficient length of time to charge him with notice. Lazansky, P. J., Kapper, Scudder, Tompkins and Davis, JJ., concur.

MARY GINSBARG, Respondent, v. GREGOIRE GINSBARG, Appellant.— Order denying defendant's motion for judgment on the pleadings affirmed as to the first cause of action and reversed on the law as to the second cause of action, and defendant's motion for judgment on the pleadings as to the second cause of action granted, without costs. (*Mirizio* v. *Mirizio*, 242 N. Y. 74; *Shonfeld* v. *Shonfeld*, 236 App. Div. 271; *Feig* v. *Feig*, 232 id. 172.) The order allowing a counsel fee of two hundred dollars is affirmed, with ten dollars costs and disbursements. In our opinion, there was no abuse of discretion by the Special Term in giving this allowance to plaintiff to enable her to pay counsel for services in various motions made by defendant in which he was unsuccessful, and for the protection of her interests on the appeal by defendant to this court from the order denying his motion for judgment on the pleadings. Kapper, Scudder and Tompkins, JJ., concur; Lazansky, P. J., and Davis, J., concur except as to the affirmance of the order allowing counsel fee, as to which they dissent on the ground that there is no jurisdiction to allow counsel fee to plaintiff in an action for annulment. (*Jones* v. *Brinsmade*, 183 N. Y. 258; *Farnham* v. *Farnham*, 227 id. 155.) As to the motions heretofore made by defendant, the allowance of costs in denying them must be deemed sufficient.