GEORGE S. VAN SCHAICK, as Superintendent of Insurance of the State of New York, as Liquidator of the EQUITABLE CASUALTY AND SURETY COMPANY, Appellant, v. SAMUEL D. FRIEDMAN and Others, Doing Business under the Firm Name of FRIEDMAN BROS. & CO., Respondents.

First Department, June 20, 1933.

*Abraham J. Halprin* of counsel [*Alfred C. Bennett,* attorney], for the appellant.

*Daniel F. Cohalan* of counsel [*Benjamin Barondess,* attorney], for the respondents

FINCH, P. J.   In order to present the questions raised by this appeal it is sufficient to say that plaintiff, as liquidator, sued at law upon a promissory note made by defendants and payable to the Equitable Casualty and Surety Company prior to the time that it went into liquidation and that defendants counterclaimed on a subsequently assigned claim from Samuel D. Friedman for a rescission of a contract for the sale of certain stock and choses in action owned by the same Equitable Casualty and Surety Company.

Defendants demanded a jury trial of the issues raised by both the complaint and the counterclaim.   When the case was about to be reached for trial the defendants sought to withdraw their demand for a jury trial, but the plaintiff then opposed.   The motion was denied and, upon appeal to this court, the order was affirmed (*Van Schaick* v. *Friedman,* 236 App. Div. 844).

Both parties then submitted the issues to a jury, who found for the plaintiff both on the issues raised by the complaint and those raised by the counterclaim.   The justice at Trial Term set aside the verdict of the jury on the counterclaim as against the weight of the evidence and directed a verdict in favor of the defendants on this counterclaim.

While the complaint on the promissory note sets forth a cause of action at law, the counterclaim for rescission obviously was in equity.   However, the demand for a jury trial on the part of the defendants and the actual trial for two weeks of the issues raised by the complaint and counterclaim before a jury, without objection by both parties, and the setting aside of the verdict of the jury as against the weight of the evidence, and the direction of a verdict for the defendants by the trial justice, now prevents either party from repudiating the disposition of the issues raised by the counterclaim in the manner adopted by the parties and participated in by the learned trial justice.

Respondents now seek to take the position contrary to the facts that while the trial on the promissory note was at law, the trial of the counterclaim was in equity, that the verdict of the jury was merely advisory and that the court thereafter determined the facts as if the trial of the counterclaim had been in equity.

A complete answer to this contention is that this might have

been done but was not. The record refutes the contention and shows that all parties treated the issues both upon the complaint and counterclaim as upon a trial at law before a jury.

A complete consideration of this record and the voluminous briefs presented clearly demonstrate that the evidence strongly preponderates in favor of the result as found by the jury. No good would be accomplished by setting forth the facts, since the numerous facts bearing on this complicated situation are peculiar to this litigation alone, and the original source of these facts, namely, this record, is open to all.

Since we have arrived at the above result, it is not necessary to consider the contention of the plaintiff that an offset to the claim of the plaintiff may not be had through the subsequent assignment of a claim as disclosed by this record.

It follows that the order setting aside the verdict of the jury in favor of the plaintiff as to the first counterclaim and directing a verdict in favor of the defendants on that counterclaim should be reversed and the verdict reinstated.

The interlocutory judgment entered upon said order should also be reversed, with costs and disbursements to the appellant.

MERRELL, MARTIN and TOWNLEY, JJ., concur; McAVOY, J., taking no part.

Judgment and order reversed, with costs to the appellant, and the verdict reinstated.