SOPHIE LANER, Plaintiff, *v.* HYMAN LANER, Defendant.

Supreme Court, Special Term, Kings County, November 20, 1937.

*Morton Brauer,* for the plaintiff.

*Maurice M. Friedman,* for the defendant.

LOCKWOOD, J. This is an application by plaintiff for an allowance of counsel fee. The action was brought to annul the marriage between parties because of defendant's alleged physical incapacity. The defendant interposed a counterclaim for an annulment based upon the plaintiff's alleged physical incapacity. Judgment was rendered in favor of the plaintiff annulling the marriage " because of the physical incapacity of the plaintiff wife and defendant husband of entering into the marriage contract with each other." The defendant has served notice of appeal from such judgment, and the plaintiff seeks an allowance for counsel fee and expenses to enable her to oppose said appeal. An award of counsel fee to a plaintiff in an annulment action has been upheld in this department. (*Ginsbarg* v. *Ginsbarg*, 236 App. Div. 844, with two justices dissenting upon the authority of *Jones* v. *Brinsmade*, 183 N. Y. 258; and *Farnham* v. *Farnham*, 227 id. 155.)

The judgment in this action establishes the non-existence of a marriage between the parties hereto. The court may not award a counsel fee to the plaintiff unless there is a relationship of husband and wife between her and the defendant. (*Lake* v. *Lake*, 194 N. Y. 179.)

The judgment herein contains no reservation whatever, nor is there a continuance of the defendant's duty to support the plaintiff. Therefore, *Fox* v. *Fox* (263 N. Y. 68) has no application.

In appealing, the defendant seeks to reverse the judgment of annulment — to uphold or reinstate the marriage relationship. The plaintiff in opposing the appeal seeks to uphold the judgment — to affirm the declaration that there is no marriage.

Motion denied.