Henry Epstein, J.
There are two motions before the court: (1) to open judgment of annulment on default of defendant; and (2) to grant plaintiff’s attorney a counsel fee for defending against this application to vacate the default judgment. Both motions are denied in the exercise of the court’s discretion. After a judgment annulling the marriage has been entered it is questionable whether this court can award counsel fee to defend the severance of marital ties in the form of annulment (Laner v. Laner, 165 Misc. 576; Spielberger v. Spielberger, 122 N. Y. S. 2d 858, 860). The court does not find the cases cited in support of the motion for counsel fees on this motion applicable to the circumstances before this court herein.
The plaintiff Audrey married defendant on June 24, 1956. Plaintiff wife was then 19 years old and defendant husband about 26 years of age. In November, 1956 the wife by her guardian instituted suit for annulment or separation. There were listed four causes of action: that for annulment was based on fraud; the others founded on cruelty, nonsupport and abandonment. The alleged fraud consisted primarily of the withholding from plaintiff wife of the serious emotionally disturbed condition of defendant, which had required the treatment by a reputable psychiatrist over a seven-year period five times a week. The doctor (psychiatrist) so testified at the trial. He also testified that defendant husband (his patient) advised him that he (defendant) had told his wife he was having psychiatric care. The psychiatrist had never seen the wife before her marriage to defendant, but Avas told in his daily conferences Avith defendant *738 of all her actions. The courtship lasted some six months. The good doctor thought the marriage might assist the health of defendant. His patient “ was suffering from a severe psychoneurosis. He was unable to work. He was afraid to engage in any kind of work.”
During the annulment trial, while undefended, defendant’s attorney was present but did not actively participate. Defendant was apparently well satisfied with the arrangements made for support and after the judgment became final did nothing for some nine months. This motion finds its motivation concededly in the action for fraud brought in Kings County by plaintiff against defendant. Defendant not only did not defend the annulment action, but consented to plaintiff’s obtaining a Jewish “ Ghet ” (a divorce equivalent by rabbinical authority). Both these occurred on June 26 and 27, 1957. The decree of annulment became final September 26, 1957. Three months later the action for fraud was begun in the Supreme Court, Kings County. It is the fact of the latter action which defendant uses as the lever with which he seeks to unsettle the annulment heretofore granted.
The infant child of the parties is in the appropriate custody of its mother, plaintiff. Defendant says he was induced not to defend the action for annulment, etc., so that acrimony could be avoided and a stipulation effected covering alimony, counsel fees and hospital expenses for mother and child. But defendant also says it was because, ‘ ‘ what is more important ’ ’, his mother was to be accorded visitation rights to this, her grandchild. The Referee who heard the testimony in the trial evidenced a proper judicial concern for the necessary proof and himself carefully questioned the psychiatrist who had treated defendant. The doctor soon after the marriage realized the mistake that had been made and “ Therefore, I gave my advice to both his wife and himself that they separate.” What followed has already been set forth. “ His present predicament, rather than the injustice of the decree prompted this application.” (Desiderio v. Desiderio, 134 N. Y. S. 2d 822, 829.) Also, under the facts conceded herein, it cannot be truly said that the decree heretofore rendered was in truth a “default judgment” (D’Auria v. D’Auria, 200 Misc. 939, 942-944). Litigation must have a terminal facility and it is hoped that at least this decision will terminate the litigation dealing with the marital status of plaintiff and defendant. The court has very carefully read the cases cited by defendant’s able counsel in his briefs. They are not persuasive in the instant case.
Orders signed.