JOHN PLAIR, Plaintiff, *v.* BERTHA PLAIR, Defendant.

Supreme Court, Erie County, December 30, 1938.

*Pierson L. Cohen*, for the plaintiff.

*James P. Heffernan*, for the defendant.

MALONEY, J. Plaintiff brings action against defendant praying for a judgment declaring the marriage of the parties null and void on the grounds that the plaintiff has a legal wife living by a previous marriage. The defendant answers denying that her marriage to plaintiff was and is void, and further denying the material facts set forth in plaintiff's complaint with relation thereto.

Defendant moves for counsel fees and alimony *pendente lite*. Plaintiff asserts that the court has no authority to grant the relief sought herein by the defendant.

The law is well settled that if a wife asserts her marriage to be void and seeks relief in the form of a declaratory judgment as against her husband, as provided by section 1132 of the Civil Practice Act, this court will not allow plaintiff alimony *pendente lite* or counsel fees. However, where the husband in a similar action against his wife asserts the marriage to defendant to be void, and the defendant files an answer denying the facts set out in the husband's complaint, as was done in this case, upon a proper showing the court may allow the defendant wife counsel fees and alimony *pendente lite*.

" § 556. Annulment suits. In accordance with the rule that the existence of the relation of husband and wife is the foundation of the right to alimony *pendente lite*, the great weight of authority is to the effect that in the absence of express statutory authorization, no allowance can be made to a woman who brings a suit to annul her marriage, because the bringing of an annulment suit necessarily involves a denial of the existence of the marital relation and is therefore inconsistent with the assertion of any marital rights. But an action to annul a marriage brought by the husband stands on an entirely different footing from such an action brought by the wife, so far as the right to alimony *pendente lite* is concerned. Where the wife is in the position of asserting and defending the validity of her marriage, she may consistently invoke the power of the court to compel a provision for her maintenance until the action has determined the relationship of the parties. Her marriage to the plaintiff is presumed to be legal until the contrary is shown, and there is no sound reason in law or in morals why a wife who has had a serious charge made against her should not have the same right of assistance from her husband in defending against his charge that she would have were he asking a divorce. The authorities, therefore, almost unanimously hold, even in the absence of express statutory authorization, that where a husband seeks an annulment of the marriage on grounds the existence of which is denied by the wife under oath, the wife is entitled to an allowance during the pendency of the suit." (17 Am. Jur. 443.)

" The Supreme Court, in an action against a wife to annul a ceremonial marriage, has, in a proper case, as an incident to its jurisdiction to entertain the action, power to grant alimony and counsel fees *pendente lite*, although the provisions of the Code of Civil Procedure (§§ 1742 *et seq.*) authorizing and regulating actions to annul a marriage are silent as to alimony and counsel fees." (*Higgins* v. *Sharp*, 164 N. Y. 4.)

(See *Jones* v. *Brinsmade*, 183 N. Y. 258, for a review of the authorities by Mr. Justice CULLEN.)

In view of my conclusion herein, defendant is allowed counsel fees and alimony.