ROBERT PAYNE, Plaintiff, *v.* KATHLEEN Z. PAYNE, Defendant.

Supreme Court, Trial Term, Seneca County, April 2, 1954.

*Robert L. Purchase* for defendant.

*Henry Valent* for plaintiff.

WITMER, J. In this action to annul the marriage of the parties hereto on the ground that the interlocutory decree of divorce granted to the plaintiff from his first wife on March 25, 1948, had not become final at the time of his marriage to the defendant on June 8, 1948, defendant denies knowledge of the prior marriage and divorce and whether or not such alleged prior spouse was living on June 8, 1948, and counterclaims for divorce and for alimony and support for the child of the marriage, alleging that the plaintiff left her late in 1952, and went through a marriage ceremony with another woman with whom he lives as man and wife and by whom he has had at least one child. The defendant now moves for temporary alimony and support for the child and for counsel fee pending the trial of the action.

Although, if the allegations of the complaint can be established, the plaintiff will be entitled to a decree annulling his marriage to the defendant and dismissing the counterclaim for divorce (*Landsman* v. *Landsman,* 302 N. Y. 45), still in such event the court would have authority to grant permanent alimony to the defendant (*Johnson* v. *Johnson,* 295 N. Y. 477). It is clear also that the court has authority in its discretion in a case such as this to grant alimony and counsel fee *pendente lite* (Civ. Prac. Act, § 1140-a; *Higgins* v. *Sharp,* 164 N. Y. 4; *Plair* v. *Plair,* 169 Misc. 959; *Lumia* v. *Lumia,* 38 N. Y. S. 2d 916; *Shaw* v. *Shaw,* 81 N. Y. S. 2d 684).

It remains only for the court to exercise its discretion. In this respect the court said in *Higgins* v. *Sharp* (*supra,* p. 7):

" It is scarcely necessary to say that in an action against a woman to annul a marriage alleged to be void from the beginning, it should appear that she is defending its validity in good faith upon some reasonable or substantial ground." It has also been said that: " The fact must not be overlooked that the wife is carrying the burden here, not only of protecting the validity of the marriage, but, as well, the legitimacy of two children. Equity cannot deny her, under the circumstances, of the right to avail herself of a full and fair investigation of the facts by counsel and the right to interpose any defense, as she may be advised." (*Lumia* v. *Lumia,* 38 N. Y. S. 2d 916, 918, *supra.*)

It appears that the four-year-old son of the parties is in need of hospital treatment, and that the plaintiff has co-operated with the defendant to procure the same at Sampson Air Base Hospital.

Considering the financial circumstances of the parties as indicated in the papers submitted herein, and being mindful of the hurdle which the defendant must overcome to establish either (1) the validity of the marriage or (2) her own innocence with respect to the former marriage, as bearing on her right to alimony and the legitimacy of her child (Civ. Prac. Act, § 1135, subd. 6), the court grants temporary alimony to her in the sum of $40 per month, grants temporary support for the son of the parties, payable by the plaintiff to the defendant in his behalf, in the sum of $85 per month, and grants counsel fee to the defendant in the sum of $150, payable at once, reserving to the court upon the trial of this action the allowance of such additional sum, if any, which it deems proper for defendant's counsel fee herein.

Submit order accordingly.