John L. Flynn, J.
The defendant wife brings this motion for alimony and counsel fee pendente lite. The plaintiff seeks to annul the marriage on the ground that the interlocutory decree of annulment granted to the defendant from her first husband had not become final at the time of his marriage- to her on May 8, 1952.
It appears that the defendant wife had married Alfred Boyd , in 1947 in Aberdeen, Maryland, when she was 16 and he 18 years of age respectively. Thereafter an annulment action was commenced by the defendant’s guardian resulting in an interlocutory decree being entered on April 17, 1952, which became final on July 17, 1952. The defendant contends that the plaintiff, having known her since she was 9 years of age and being a frequent visitor at her home, was familiar with these facts when he married her on May 8, 1952, in Newark, New Jersey. There is one child of the marriage, Richard, born on August 22, 1952, and-one expected in February, 1957. The plaintiff on February 1, 1956, was appointed a probationary New York City fireman. He instituted this action for an annulment on August 1, 1956, the day on which such appointment became permanent.
We are not unmindful that should the plaintiff establish the allegations of the complaint he may be entitled to a decree *785 annulling his marriage to the defendant (Landsman v. Landsman, 302 N. Y. 45). However, the court in its discretion may grant alimony and a counsel fee pendente lite. (Civ. Prac. Act, § 1140-a; Higgins v. Sharp, 164 N. Y. 4; Plair v. Plair, 169 Misc. 959.) I am impressed by what the court said in Higgins v. Sharp (supra, p. 7): “It is scarcely necessary to say that in an action against a woman to annul a marriage alleged to be void from the beginning, it should appear that she is defending its validity in good faith upon some reasonable or substantial ground.”
It has also been said that: “ The fact must not be overlooked that the wife is carrying the burden here, not only protecting the validity of the marriage, but, as well, the legitimacy of two children. Equity cannot deny her, under the circumstances, of the right to avail herself of a full and fair investigation of the facts by counsel and the right to interpose any defense, as she may be advised.” (Lumia v. Lumia, 38 N. Y. S. 2d 916, 918.)
In the interest of the validity of her marriage and the legitimacy of the issue thereof, the defendant needs counsel to prepare and advance her defense that by his conduct the plaintiff may have so besmirched himself that he may not be heard to challenge the marriage. The existence of conditions calling for such equitable relief was presupposed when the court said in Stokes v. Stokes (198 N. Y. 301, 312): “ While it may well be that there are extreme cases where the position of the party seeking relief of the kind sought here is so inequitable that a court of equity will refuse to interfere ”.
In view of the financial circumstances of the parties, the motion is disposed of as follows: The defendant is allowed, alimony of $10 a week from December 18, 1956; temporary support of $22.50 a week for the son of the parties, payable by the plaintiff to the defendant in his behalf; and counsel fee of $300, payable one half within 10 days from the service of a copy of the order to be entered hereon, and the balance when the cause is added to the Beady Day Calendar for trial. The plaintiff is also directed to pay the medical and hospitalization expenses of the defendant for the anticipated delivery of their child. The defendant may apply thereafter for an additional allowance for the support of the newly born child.
Settle order.